E-FILED
Wednesday, 20 May, 2026  11:58:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CLIFFORD CLEOTHA HARRIS JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04059-SLD-RLH |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Self-represented Plaintiff Clifford Cleotha Harris Jr. sues Defendant United States Postal Service alleging employment discrimination. *See* Compl., ECF No. 1. The matter comes before the Court for ruling on Harris's motion to proceed *in forma pauperis* ("IFP"), ECF No. 6, and motion to request counsel, ECF No. 3, and for screening of the Complaint. For the reasons that follow, the motion to proceed IFP is GRANTED, the motion to request counsel is DENIED, and Postmaster General David Steiner is SUBSTITUTED as Defendant.

## I.        IFP Motion

Harris moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). He submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. IFP Mot. 1–5. His motion to proceed IFP, therefore, is GRANTED.

## II.        Motion to Request Counsel

### a.        Legal Standard

Under the federal *in forma pauperis* statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the court must ask: "(1) has the indigent

1

plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* at 655. In determining whether the difficulty of the case exceeds the plaintiff's capacity to litigate it, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as the plaintiff's "intellectual capacity and psychological history." *Id.* The court must make this determination while considering the stage of litigation the case is in and "the complexities of advanced-stage litigation activities." *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015). The question is not whether a lawyer would present the case more effectively than the pro se plaintiff." *Pruitt*, 503 F.3d at 655. "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Even if the court grants a motion to recruit counsel, there is no guarantee it could find one willing to take the appointment—the court cannot require an attorney to accept appointment to a civil case. *Id.* at 653.

### b. Analysis

Harris's motion must be denied. First, he has not demonstrated that he made a reasonable attempt to obtain counsel himself or that he was precluded from doing so. He does not identify any attorneys he has contacted seeking representation. *See* Mot. Request Counsel ¶ 2. Second, he has not demonstrated that he is not competent to litigate this case himself. The only information he provides that could touch on his competency to litigate is his education level. *Id.* ¶ 5. But he states that he is a college graduate, *id.*, which suggests that he is competent to litigate

2

this case himself, particularly at these early stages of the case. *See Perez*, 792 F.3d at 784 (finding that denial of counsel was reasonable where the plaintiff had attended some college).

If Harris chooses to file a new motion to request counsel, he should attach documentation showing that he contacted several attorneys asking for representation and he should explain why, with his personal characteristics and history, he is not competent to present this case himself.

### III.    Merit Review

Harris alleges that he has been subject to age, color, national origin, race, and sex discrimination. Compl. 2. The appropriate defendant in an employment discrimination suit against the federal government is "the head of the department, agency, or unit" of government the discrimination allegedly occurred in. 42 U.S.C. § 2000e-16(c); *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) (holding the same for ADEA claims against the federal government). Accordingly, the Court substitutes Postmaster General David Steiner as Defendant. *See* Fed. R. Civ. P. 21; *Brown v. Chi. Mun. Emps. Credit Union*, No. 13 C 02597, 2014 WL 1613037, at *4 (N.D. Ill. Apr. 16, 2014) ("If [a] *pro se* plaintiff has named the wrong defendant, the Court is authorized by Federal Rule of Civil Procedure 21 to cure the problem."). The Clerk is DIRECTED to add David Steiner to the docket as a defendant and terminate the United States Postal Service as a defendant on the docket.[1]

### IV.    Conclusion

For the foregoing reasons, Plaintiff Clifford Cleotha Harris Jr.'s motion to proceed *in forma pauperis*, ECF No. 6, is GRANTED, but his motion to request counsel, ECF No. 3, is DENIED WITHOUT PREJUDICE. The United States Postal Service is DISMISSED as a party

---

[1] Though Harris also checks the box indicating he is bringing claims under 42 U.S.C. § 1981 (which would not be subject to the procedural requirements of § 2000e-16(c)), Compl. 2, § 1981 claims cannot be brought against the federal government, *see Espineuva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990). So the Court finds it unnecessary to keep the United States as a defendant.

and Postmaster General David Steiner is ADDED as a party.  The Clerk is DIRECTED to terminate the United States Postal Service as a defendant on the docket and add Steiner.  IT IS FURTHER ORDERED THAT:

1) This case is now in the process of service.  Harris is advised to wait until counsel has appeared for Defendant before filing any motions so that Defendant has notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Harris need not submit any evidence to the Court at this time unless otherwise directed.

2) The Clerk is directed to serve the United States and Defendant in accordance with Federal Rule of Civil Procedure 4(i)(1) and (2).  The Clerk shall:

    1. Prepare a summons for Postmaster General David Steiner using the address: 475 L'Enfant Plaza SW Washington, DC 20260;

    2. Either (a) deliver a copy of the summons and complaint to one of the individuals identified in Federal Rule of Civil Procedure 4(i)(1)(A)(i) or (b) "send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office";

    3. Send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C."; and

    4. Send a copy of the summons and complaint "by registered or certified mail to" Steiner.

3) If Defendant has not filed an answer or appeared within 90 days of the entry of this order, Harris may file a motion requesting the status of service.

4) Once counsel has appeared for Defendant, Harris need not send copies of his filings to Defendant or Defendant's counsel.  Instead, the Clerk will file Harris's filings electronically and send a notice of electronic filing to defense counsel.  If electronic service on Defendant is not available, Harris will be notified and instructed accordingly.

5) Harris shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Harris's failure to notify the Court of a change in mailing address or phone number may result in dismissal of this lawsuit with prejudice.

Entered this 20th day of May, 2026.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE